UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CASEY LYNN COOMBE,

       Plaintiff,

v.                                                        Case No. 1:14-CV-592

HARLEYSVILLE INSURANCE COMPANY        HON. GORDON J. QUIST

       Defendant.
_____/

**OPINION REGARDING DEFENDANT'S MOTION
TO ENFORCE SETTLEMENT AGREEMENT**

      Plaintiff, Casey Lynn Coombe, filed a complaint against Defendant, Harleysville Insurance Company, on May 6, 2014 in the Ingham County Circuit Court seeking to recover first-party no fault and personal protection insurance benefits arising out of a motor vehicle accident that occurred on January 7, 2004. Defendant removed the case to this Court on May 30, 2014 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. # 1.) On June 26, 2014, the Court entered a Case Management Order, which indicated that the parties had agreed to submit the case to facilitative mediation and directed the parties to jointly choose a mediator from the list of mediators. (Dkt. # 12 at Page ID## 53–54.) Subsequently, the parties selected Paula J. Manderfield to conduct the mediation. (Dkt. # 13.) On October 10, 2014, the Court granted the parties a ninety-day extension to complete the facilitated mediation. (Dkt. # 18.)

      The mediation was scheduled for January 27, 2015. However, on January 26, 2015, Plaintiff's counsel sent an email to Ms. Manderfield stating that "the case has been settled." (Dkt. # 24 at Page ID#89.) Therefore, the mediation did not occur.

      Defendant has now filed a motion to enforce the settlement to which Plaintiff's counsel referred in his January 26, 2015 email to Ms. Manderfield because Plaintiff has changed her mind. According to Defendant, the settlement called for: (1) Defendant to pay Plaintiff a total of

$7,500.00; (2) a medicare lien would be satisfied out of the $7,500; and (3) with the exception of certain Medicare claims, all outstanding bills for first-party no fault benefits for treatment rendered through January 26, 2015 would be satisfied out of the $7,500. (Dkt. # 24 at Page ID#79.) Plaintiff has not responded to the motion.

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986). "Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined." *Id.* at 283. A court may enforce a settlement agreement only if it concludes that the parties have reached agreement on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A trial court has the power to summarily enforce a settlement agreement, without an evidentiary hearing, when the parties do not dispute the material facts pertaining to the existence or terms of the settlement agreement. *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621-22 (6th Cir. 1973). However, the court must enforce the terms of the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement. *Brock*, 841 F.2d at 154.

In this case, there is no question that the parties reached a settlement because Plaintiff's counsel informed Ms. Manderfield of that fact. Although Defendant has not presented any document separately outlining the terms of the settlement, it has set forth the agreed-upon terms in its motion. As Plaintiff has not responded to the motion within the time permitted by the local rules, Plaintiff does not dispute that she agreed to the proffered terms, nor does she argue that the parties did not reach an agreement on all material terms.[1]

---

[1] Because Defendant's motion has been pending for more than thirty days, the Court need not decide whether a motion to enforce a settlement is a dispositive or a nondispositive motion for purposes of the applicable briefing schedule under Local Rules 7.2(c) and 7.3(c). Under either rule, Plaintiff has failed to respond within the specified time.

For the foregoing reasons, the Court will grant Defendant's motion and enforce the settlement.

An Order consistent with this Opinion will enter.

Dated: March 20, 2015                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE